# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Ruben Castillo | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 4 C 941 | **DATE** | 11/23/2004 |
| **CASE TITLE** | Dwayne Clark vs. Roger Walker, Jr. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

## DOCKET ENTRY:

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] **Enter MEMORANDUM, OPINION AND ORDER: For the foregoing reasons, we deny Walker's motion to dismiss in its entirety without prejudice to the filing of any motion for summary judgment after discovery [16-1]. A status hearing will be held in open court on 12/8/2004 @ 9:45 a.m. All discovery in this case must be completed by 3/31/2005. The parties are encouraged to exhaust all settlement possibilities prior to that date.**

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | | Document Number |
|---|---|---|---|---|---|
| | No notices required, advised in open court. | | | | |
| | No notices required. | | | number of notices | |
| | Notices mailed by judge's staff. | | | NO. 2 0 2004 | |
| | Notified counsel by telephone. | | | date docketed | 22 |
| ✓ | Docketing to mail notices. | | | 15 | |
| | Mail AO 450 form. | | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | | |
| | | | | date mailed notice | |
| TSA | courtroom deputy's initials | | | mailing deputy initials | |
| | | Date/time received in central Clerk's Office | | | |

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

DWAYNE CLARK,                     )
                                  )
    Plaintiff,          )
                                  )
v.                                )    No. 04 C 941    **DOCKETED**
                                  )
ROGER WALKER, JR.,                )    Judge Castillo   NOV 2 9 2004
                                  )
    Defendant.          )

## MEMORANDUM OPINION AND ORDER

Plaintiff Dwayne Clark sued Defendant Roger Walker, Jr., pursuant to 42 U.S.C. § 1983,

alleging that Walker deprived him of his due process rights when Walker terminated his

employment with the Illinois Department of Corrections ("IDOC"). Walker requests that we

dismiss Clark's claim pursuant to Federal Rule of Civil Procedure 12(b)(6). (R. 16-1.) For the

reasons set forth below, we deny Walker's motion to dismiss.

## RELEVANT FACTS[1]

In May 2003, Walker was appointed Director of IDOC. (R. 15, Second Am. Compl. ¶ 9.)

In June 2003, Walker requested that Clark— who was at that time IDOC's Chief of

Operations—accept reassignment to District 1 Deputy Director. (*Id.* ¶¶ 5, 10). Walker, during a

conversation about Clark's employment with IDOC, verbally promised Clark that "he would be

employed by IDOC as District 1 Deputy Director for as long as Walker was the Director of IDOC

in exchange for Clark accepting reassignment to the position of Deputy Director." (*Id.* ¶¶ 13-15.)

Walker made this statement on several occasions, and after negotiating terms and conditions of

---

[1]The following facts, which we accept as true for purposes of a motion to dismiss, are
drawn from the second amended complaint. *See Doherty v. City of Chi.*, 75 F.3d 318, 322 (7th
Cir. 1996).

22

reassignment, Clark accepted the position of Deputy Director. (*Id.* ¶¶ 16, 19-20.) The

reassignment caused hardship to Clark, because District 1 is hundreds of miles away from

Clark's residence and because Clark agreed to accept a reduction in pay with the reassignment.

(*Id.* ¶¶ 12, 18, 19, 22.) Clark accepted the pay cut in exchange for Walker's verbal promise that

Clark would keep the Deputy Director position for as long as Walker was Director of IDOC.

(*Id.* ¶ 19.) In July 2003, Walker terminated Clark without giving Clark an opportunity to be

heard and without reasonable cause or justification. (*Id.* ¶¶ 4, 41.) After his termination, Clark

brought this suit alleging that Walker terminated him in violation of his due process rights.

(*Id.* ¶ 43.) Clark is seeking damages and unspecified equitable relief.

## LEGAL STANDARDS

This Court will only grant a motion to dismiss if "it appears beyond doubt that the

plaintiff can prove no set of facts in support of his claim which would entitle him to relief."

*Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). This Court will accept all well-pled allegations as

true and draw all reasonable inferences in favor of the plaintiff. *Thompson v. Ill. Dep't of Prof'l*

*Regulation*, 300 F.3d 750, 753 (7th Cir. 2002). A complaint states a claim if it gives the

defendant "fair notice of what the plaintiff's claim is and the grounds upon which it rests."

*Conley*, 355 U.S. at 47. "The plaintiff is not required to plead facts or legal theories or cases or

statutes, but merely to describe his claim briefly and simply." *Shah v. Inter-Continental Hotel*

*Chi. Operating Corp.*, 314 F.3d 278, 282 (7th Cir. 2002).

## ANALYSIS

To determine whether Clark has adequately stated a procedural due process claim, we

must engage in a two-step analysis. *Doherty*, 75 F.3d at 322 (citing *Logan v. Zimmerman Brush*

*Co.*, 455 U.S. 422, 428 (1982)). "The first step requires us to determine whether the plaintiff has been deprived of a protected interest; the second requires a determination of what process is due." *Id.* Neither party contends that Clark received any notice or process before his termination, so we focus only on the first inquiry: whether Clark had a protected property interest in continued employment with IDOC such that he was entitled to receive due process prior to his termination.

## I. Property Interest

If an employee establishes that he has a right to continued employment, the right is considered a property interest of which an employer may not deprive the employee without due process of law. *Bishop v. Wood*, 426 U.S. 341, 344-45 (1976); *Swick v. City of Chi.*, 11 F.3d 85, 86 (7th Cir. 1993). Clark asserts that Walker's promise that he would be employed as Deputy Director for as long as Walker was Director gave him a right to continued employment. (R. 15, Second Am. Compl. ¶¶ 15, 38-39.) Walker contends that Clark had no such right because this promise is not an enforceable oral contract because it was not a clear and definite promise, was not supported by consideration, and violates Illinois's Statute of Frauds. (R. 16-2, Mem. at 1-2.)

Under Illinois law, there is a legal presumption that employment without a fixed duration is at-will, but that presumption can be rebutted by establishing that the parties contracted otherwise. *Duldulao v. St. Mary of Nazareth Hosp. Ctr.*, 505 N.E.2d 314, 317-18 (Ill. 1987). To establish an oral employment contract, an employee must demonstrate that his employer made a "clear and definite" promise of employment and received valid consideration in exchange for granting more than an at-will relationship. *See Taylor v. Canteen Corp.*, 69 F.3d 773, 782 (7th

3

Cir. 1995). Oral employment contracts are viewed with more skepticism than their written counterparts. *Tolmie v. United Parcel Serv., Inc.*, 930 F.2d 579, 581 (7th Cir. 1991).

## A. A Clear and Definite Promise

The first requirement for a valid oral employment contract is that the offer contains "clear and definite" terms. *Taylor*, 69 F.3d at 782. As noted by the Seventh Circuit, Illinois case law addressing what constitutes a clear and definite promise is not "a seamless garment." *Id.* at 783. The test is whether the alleged promise is "clear enough that an employee would reasonably believe that an offer has been made." *Tolmie*, 930 F.2d at 581 (quoting *Duldulao*, 505 N.E.2d at 318). In considering whether an oral promise is sufficiently clear and definite, courts consider both the promise's language and the context in which it was made. *Taylor*, 69 F.3d at 783.

Walker contends, relying on *Tolmie*, that his statements were vague and informal assurances that did not amount to an offer. (R. 16-2, Mem. at 6-8.) In *Tolmie*, a supervisor stated to an employee who was considering a promotion that he did not have to worry about job security because "it is harder to fire management than other employees." 930 F.2d at 580-81. The Seventh Circuit found this statement to be vague, general, and subject to several possible interpretations because the supervisor did not inform the employee of any length of employment or potential grounds for termination. *Id.* Clark alleges a much more clear and definite promise. First, it has a plain and understandable length: Clark's employment would coincide with Walker's. Second, it is detailed enough to permit both parties to act on it without any further discussion or agreement. Clark could accept the offer by agreeing to the reassignment. Third, it was made in the context of specific conversations about Clark's employment and reassignment. Furthermore, Clark alleges that the promise was made more than once. Given the language and

4

context of Walker's statement, we find that alleged promise was sufficiently clear and definite for Clark to have reasonably believed that an offer had been made.

## B.    Valid Consideration

The second requirement to establish an oral employment contract is to demonstrate that the "clear and definite" offer was "supported by adequate consideration." *Taylor*, 69 F.3d at 782. As stated by the Illinois Supreme Court, "consideration is the bargained-for exchange of promises or performances, and may consist of a promise, an act or a forbearance." *McInerney v. Charter Golf, Inc.*, 680 N.E.2d 1347, 1350 (Ill. 1997). In short, an employee must give up something of value as consideration for the employer's offer of continued employment. *Tolmie*, 930 F.2d at 582. An employee's "termination of present employment may be sufficient consideration to support a promise of employment" where that "forbearance is a specifically bargained for detriment." *Taylor*, 69 F.3d at 784 (internal quotation omitted). Clark alleges that he accepted reassignment to a lower position with reduced pay and a longer commute in exchange for an oral promise of employment until the end of Walker's term. (R. 15, Second Am. Compl. ¶¶ 16, 19-20.) Because at this stage we draw all reasonable inferences in Clark's favor, we assume that Clark had the option to remain in his current position but accepted the reassignment based on Walker's alleged promise of job security. (*Id.*) Clark has thus alleged thus he gave up something of value in consideration of Walker's offer.

Walker argues that Clark did not give up anything of value because his prior position was insecure. Courts that have found a lack of consideration on this basis have done so when an employee's employment status is clearly insecure. For example, in *Beard v. Prudential Insurance Company of America*, No. 00 C 3874, 2002 WL 548727, at *3, *6 (N.D. Ill. Apr. 8,

5

2002), a plaintiff who had been counseled on numerous occasions for his management

deficiencies "gave up nothing other than a possible termination." And in *Cloud v. Northwestern*

*Golf Company*, No. 88 C 6254, 1992 WL 112242, at *8 (N.D. Ill. May 20, 1992), the Court

addressed the consideration standards for an oral contract for permanent employment and found

no consideration because the plaintiff's options were limited to either accepting the new position

or foregoing employment. Furthermore, the court in *Cloud* stated that a "closer case" would

exist if the offer allowed plaintiff the option of keeping the current position or accepting an

alternate, permanent position at a reduced salary. *Id.* Clark has alleged this closer case. As a

result, we find that Clark's acceptance of reassignment to the Deputy Director position

constitutes adequate consideration.

## C.   Statute of Frauds

Walker argues that, even assuming the alleged promise was clear and definite and

supported by adequate consideration, the oral contract is unenforceable under Illinois's Statute of

Frauds. (R. 16-2, Mem. at 12.) The Statute of Frauds requires a writing memorializing any

contract that is not capable of being performed within one year, and if there is no such writing,

then the contract is not legally binding. *See Sinclair v. Sullivan Chevrolet Co.*, 195 N.E.2d 250,

251-52 (Ill. App. Ct. 1964). Stated another way, an unwritten contract "is unenforceable only if

it is impossible of performance in one year." *Balstad v. Solem Mach. Co.*, 168 N.E.2d 732, 734

(Ill. App. 2d Dist. 1960) (finding an at-will employment contract capable of performance within

one year).

Clark alleges that Walker promised that he would be employed in his new position for as

long as Walker served as Director. (R. 15, Second Am. Compl. ¶¶ 15, 19.) Walker argues that

6

his term expires in January 2005, more than one year after the date of the alleged promise, (R. 16-2, Mem. at 12), but it is nonetheless possible that he could leave his position or be terminated in less than one year.[2] The length of Clark's oral contract does not depend on Walker fulfilling his two-year term; rather, its length turns on Walker's employment, which could have ended at any time. Therefore, regardless of the expected or actual length of Walker's term, the oral contract is capable of performance within one year. It is thus not barred by Illinois's Statute of Frauds.[3]

## III.    Qualified Immunity

Walker asserts that, even if Clark has a property interest in continued employment, he is entitled to qualified immunity. (R. 16-2, Mem. at 2.) Under the doctrine of qualified immunity, "government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or

---

[2] Clark alleges, for example, that Walker's predecessor served as Director for only two months. (R. 15, Second Am. Compl. ¶¶ 6-7.)

[3] While the parties have not addressed this issue, an employee can also have a property interest based on a "clearly implied promise of continued employment." *Munson v. Friske*, 754 F.2d 683, 692 (7th Cir. 1985). "[T]he Illinois law of implied contracts is quite sufficient . . . to create a property interest protected under 42 U.S.C. § 1983." *Vail v. Bd. of Educ. of Paris Union Sch. Dist. No. 95*, 706 F.2d 1435, 1438 (7th Cir. 1983). "Legitimate and reasonable reliance on a promise from the state can be the source of property rights protected under the Due Process Clause[.]" *Id.*; *see also Perry v. Sinderman*, 408 U.S. 593, 599 (1972) (holding that the lack of a contractual right to re-employment does not defeat the claim that the non-renewal of a contract violated due process rights). Clark has alleged that Walker is authorized to make binding IDOC employment decisions, (R. 15, Second Am. Compl. ¶ 35), and that Walker promised him that if he accepted the Deputy Director position he would be employed in that position for as long as Walker served as Director, (*id.* ¶¶ 10-16). In reliance on that promise, Clark accepted a pay cut and began traveling longer distances to work. (*Id.* ¶¶ 18-19.) Thus, even if we had found that the oral contract was unenforceable, Clark has alleged sufficient facts to demonstrate that he may have a property interest because of a "clearly implied promise of continued employment." *Munson*, 754 F.2d at 692.

7

constitutional rights of which a reasonable person would have known."[4] *Harlow v. Fitzgerald,*

457 U.S. 800, 818 (1982). This doctrine exists to ensure that government officers are on notice

that their conduct is unlawful before they are subjected to civil liability. *Hope v. Pelzer,* 536 U.S.

730, 739 (2002).

The court typically employs a two-part test to determine whether an official is entitled to

qualified immunity: (1) whether the alleged facts, taken in the light most favorable to the party

asserting an injury, demonstrate that the defendant's conduct infringed a federal constitutional

right; and (2) whether those rights were clearly established at the time the violation occurred.

*Crull v. Sunderman,* 384 F.3d 453, 460 (7th Cir. 2004); *see also McGreal v. Ostrov,* 368 F.3d

657, 682-83 (7th Cir. 2004). We have already concluded that Clark has adequately alleged an

infringement of his federal right to due process, so our inquiry will focus on the second factor:

whether Clark's right to due process before his termination from IDOC was clearly established at

the time of his termination.

In determining whether a constitutional right was "clearly established" at the time of the

alleged violation, we must consider whether there are "closely analogous cases demonstrating

that the conduct is unlawful" or whether the violation is "so obvious that a reasonable state actor

would know that what he is doing violates the Constitution." *McGreal,* 368 F.3d at 683. This

test is designed to ensure that the defendant has "fair warning" that his conduct violated a

plaintiff's constitutional rights. *Hope,* 536 U.S. at 739-40. The Supreme Court has rejected the

notion, however, that a "closely analogous" case must be "fundamentally similar" before officials

---

[4] Walker has not challenged Clark's allegation that Walker was acting in his capacity as
Director when discussing reassignment with Clark and that Walker had the authority and the
discretion to make binding employment decisions. (R. 15, Second Am. Compl. ¶¶ 34-35.)

can be found to have had fair warning that their conduct was unlawful. *McGreal*, 368 F.3d at 683 (citing *Hope*, 536 U.S. at 741). As a result, "[t]he salient question is not whether there is a prior case on all fours with the current claim but whether the state of the law at the relevant time gave the defendants fair warning that their treatment of the plaintiff was unconstitutional."[5] *Id.*

Given this standard, our task is to determine whether the state of the law in July 2003 was sufficiently clear to notify Walker that terminating Clark, after promising that he would be employed for as long as Walker was Director, violated Clark's due process rights. Assuming that all of Clark's allegations are true, we conclude that the state of the law was sufficiently clear to notify Walker that terminating Clark would violate his due process rights. In addition to cases cited by Clark,[6] the *Vail* case, decided in 1983, is a closely analogous case that could have put Walker on notice. In *Vail*, the Seventh Circuit held that an oral promise that a one-year employment contract would be extended for an additional year created a legitimate expectation of continued employment as evidenced by the employee's decision to relocate far from his current home and to take a pay cut. 706 F.2d at 1440. This case provided Walker with fair warning that his conduct was unconstitutional. *See also Perry*, 408 U.S. at 601-02 (finding that common law of employment can be established by mutually explicit understandings and can create property

---

[5]We note that the qualified immunity inquiry in this context is particularly difficult at the motion to dismiss stage because whether closely analogous cases exist depends largely on the factual nature of the parties' mutually explicit understandings, and we are charged with giving "extreme care . . . in evaluating the nature, quality and clarity of the purported understandings." *Crull*, 384, F.3d at 464; *see also Hermes v. Hein*, 742 F.2d 350, 355 (7th Cir. 1984).

[6]*See Gorman v. Robinson*, 977 F.2d 350 (7th Cir. 1992) (noting that "[a] property interest in employment arises if there are rules of mutually explicit understandings to support a claim of entitlement"); *Taylor*, 69 F.3d at 785 (noting that a clear and definite oral statement can support an oral contract for employment).

9

interest in position). We therefore find at this stage that Walker is not entitled to qualified immunity, but if discovery yields facts that distinguish his case from *Vail* and *Perry* Walker should re-assert his claim to qualified immunity at the appropriate time.

## CONCLUSION

For the foregoing reasons, we deny Walker's motion to dismiss in its entirety without prejudice to the filing of any motion for summary judgment after discovery. (R. 16-1.) A status hearing will be held in open court on December 8, 2004 at 9:45 a.m. All discovery in this case must be completed by March 31, 2005. The parties are encouraged to exhaust all settlement possibilities prior to that date.

ENTERED:

Judge Ruben Castillo
United States District Court

Dated: November 23, 2004

10